UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY AND MATTHEW STREET,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM SERVICES, INC., a Delaware Corporation; AMAZON DIGITAL SERVICES, INC., a Delaware Corporation,<br><br>Defendants. | NO.<br><br>CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

# COMPLAINT

Plaintiffs Mary and Matthew Street ("Plaintiffs" and/or the "Street Plaintiffs"), on their own behalf and on behalf of all others similarly situated ("Class Members"), bring this class action against Amazon.com Services, Inc. and Amazon Digital Services, Inc. (collectively "Amazon" or "Defendants") and complain and allege the following upon personal knowledge as to their own experiences, and based upon on information and belief as to other matters:

## INTRODUCTION

1. Amazon is building an unprecedented national wireless network but making its consumers foot the bill. This action seeks to right that wrong.

2. This is a class action lawsuit brought against Amazon by Plaintiffs individually, and on behalf of similarly situated consumers who purchased Amazon Echo smart speakers and Ring security camera systems equipped with Amazon's Sidewalk network (referred to herein as "Sidewalk Devices").

3. Amazon manufactured, marketed, and sold the Echo and Ring devices.[1] Embedded within Sidewalk Devices is a technology that enables those Sidewalk Devices to connect to other Echo and Ring devices nearby through their Bluetooth connections, creating a new, shared network.[2] Together, these connections create a stronger "mesh" network with long-range connectivity that would otherwise be expensive to create.

4. Amazon bypasses the expense of creating such an expensive network, however, by having Sidewalk tap into Plaintiffs' and Class Members' private Internet connections, using portions of their Internet bandwidth to maintain connections between the Sidewalk Devices.

---

[1] Geoffrey A. Fowler, *Amazon is about to share your Internet connection with neighbors. To turn it off, you'll have to dig through some settings,* WASHINGTON POST, (June 8, 2021, 11:07 AM), https://www.washingtonpost.com/technology/2021/06/07/amazon-sidewalk-network/, https://apple.news/AP7vHVBq5SseZ-9EkFrmT3w.

[2] *Id*.

COMPLAINT - 1

5. Amazon activated Sidewalk on or about June 8, 2021, automatically connecting its Sidewalk Devices by default without first seeking consumers' consent to share their Internet bandwidth.

6. As a result of Amazon's unfair, deceptive, and/or fraudulent business practices, owners of Sidewalk Devices, including Plaintiffs and Class Members, have suffered an ascertainable loss and injury in fact; are at imminent risk of future harm, including increased risk to the security of their personal data; and otherwise have been harmed by Amazon's conduct.

7. Accordingly, Plaintiffs bring this action, on behalf of themselves and the Class, to redress Amazon's violations of the Washington Consumer Protection Act, RCW §§ 19.86.010, *et seq.*, and RCW § 9A.56.262. Plaintiffs seek monetary relief for damages suffered, costs of suit, including reasonable attorney fees and public injunctive relief.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different states. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial portion of the conduct described in this Complaint was carried out in this district. Furthermore, Amazon is headquartered and has a principal place of business in this district, subjecting Defendants to personal jurisdiction in this district.

10. The Court may exercise personal jurisdiction over Defendants because they maintain headquarters within this judicial district; are registered to conduct business in this judicial district; have designated an agent for service of process in this judicial district; have

COMPLAINT - 2

employees located in this judicial district; list their address as within this judicial district; and intentionally and purposefully placed its products and services into the stream of commerce within the state of Washington and throughout the United States. The exercise of personal jurisdiction over Defendants in Washington would not offend traditional notions of fair play and substantial justice.

## THE PARTIES

11. Plaintiffs Matthew and Mary Street are husband and wife, and citizens of the state of Florida, residing in Miami-Dade County.

12. On or about October 9, 2018, Mr. and Mrs. Street became owners of an "Echo Dot," third generation, for personal, family, or household use.

13. The Street Plaintiffs pay Comcast for personal Internet bandwidth on a monthly basis.

14. The Street Plaintiffs did not consent to share their personal Internet bandwidth for the Sidewalk network.

15. Plaintiffs are informed and believe and thereon allege that Defendants Amazon.com Services, Inc. and Amazon Digital Services, Inc. are incorporated in the state of Delaware and maintain their business headquarters at 410 Terry Ave N, Seattle, WA 98103.

## FACTUAL ALLEGATIONS

16. Defendant Amazon.com Services, Inc. is "a vast Internet-based enterprise that sells books, music, movies, housewares, electronics, toys, and many other goods, either directly or as a middleman between other retailers and Amazon.com's millions of customers."[3]

17. Amazon.com Services Inc.'s Prime delivery and streaming services exceed 200 million global customers.[4]

---

[3] Mark Hall, *Amazon.com*, BRITANNICA, https://www.britannica.com/topic/Amazoncom (last visited June 25, 2021).

[4] *Fortune 500: Amazon – Rank 2*, FORTUNE, https://fortune.com/company/amazon-com/fortune500/ (last visited Jun 25, 2021).

COMPLAINT - 3

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

18. Amazon.com Services Inc. has grown from being an online book retailer to the world's largest and most influential e-commerce platform with net sales of more than $280 billion in 2019.[5]

19. Defendant Amazon Digital Services Inc.'s "business includes renting data storage and computing resources, so-called 'cloud computing,' over the Internet."[6]

20. Amazon Digital Services Inc. is now also one of the largest providers of cloud computing services, powering 42% of the Internet through Amazon Web Services.[7]

21. In January 2019, Amazon became "the most valuable company on the planet," worth almost $810 billion.[8]

22. Amazon also developed the voice-controlled, personal, artificial intelligence, assistant technology known as Alexa.

23. The Alexa application allows users the ability to connect to online music services, provide weather and news updates, and view shopping lists and calendars, among other services.

24. The Amazon Echo is a platform for Alexa. Its voice-controlled smart speaker connects to consumers' Wi-Fi Internet connections to provide voice control to connected mobile devices through Bluetooth technology. The Echo is also equipped with Alexa. Certain Echo devices are equipped with Sidewalk.

25. Amazon Ring devices are smart security products, including a video doorbell that allows Ring users to see, speak to, and record people at their doorsteps or other home areas. Certain Ring devices are equipped with Sidewalk.

---

[5] Form 10-K, Amazon.com, Inc., https://d18rn0p25nwr6d.cloudfront.net/CIK-0001018724/4d39f579-19d8-4119-b087-ee618abf82d6.pdf.

[6] Hall, *supra*, https://www.britannica.com/topic/Amazoncom.

[7] Matt Ward, *Amazon: The Company Consuming Consumers*, https://mattward.io/amazon-the-company-consuming-consumers/ (last accessed June 16, 2021).

[8] Paul R. La Monica, *Amazon Is Now the Most Valuable Company on the Planet*, CNN, (Jan, 8, 2019, 11:27 A.M.), https://www.cnn.com/2019/01/08/investing/amazon-most-valuable-company-microsoft-google-apple/index.html.

COMPLAINT - 4

26. Amazon states, "Amazon Sidewalk is a shared network that helps devices work better" and claims that Sidewalk operates "at no charge to customers."[9]

27. Amazon further states, "Sidewalk works by sharing a little bit of your internet bandwidth with your neighbors. By combining it with bandwidth donated by others in the neighborhood, Sidewalk creates a low-bandwidth, low-power network that can be used by neighbors to help one another in new ways."[10]

28. However, the sharing of bandwidth between neighbors is not donated. Rather, it is automatically taken from Amazon device-owners who own Amazon Sidewalk Devices as opposed to being volunteered for access and sharing.

29. Amazon lists the following Echo and Ring devices as Amazon Sidewalk Devices:[11]

    a) Ring Floodlight Cam (2019)
    b) Ring Spotlight Cam Wired (2019)
    c) Ring Spotlight Cam Mount (2019)
    d) Echo (3rd Gen and newer)
    e) Echo Dot (3rd Gen and newer) for Kids
    f) Echo Dot with Clock (3rd Gen and newer)
    g) Echo Plus (All generations)
    h) Echo Show (2nd Gen and newer)
    i) Echo Spot
    j) Echo Studio
    k) Echo Input
    l) Echo Flex

---

[9] https://support.ring.com/hc/en-us/articles/360032492292-Amazon-Sidewalk-Information (last accessed June 16, 2021).

[10] *Id.*

[11] *Id.*

COMPLAINT - 5

30. Amazon currently uses up to 500 megabytes of Internet bandwidth through each Sidewalk Device, and this Internet traffic counts toward Plaintiffs' and Class Members' maximum data usage from Internet service providers, creating the potential for overage charges to consumers for Amazon's use of their Internet bandwidth. The maximum amount of bandwidth to be used through Sidewalk Devices, however, is potentially subject to increase over time.

31. Owners and users of the Sidewalk Devices can only stop the unfair use of their Internet bandwidth if they are aware of the taking of the bandwidth via Sidewalk, find instructions for disabling Sidewalk, and take several steps to disable Sidewalk on their devices.[12] Owners and users of Sidewalk Devices who do not opt out and have Sidewalk enabled are not compensated by Amazon for the use of their bandwidth.

32. Additionally, Amazon does not clearly disclose that even if a customer initially opts out of the Sidewalk network, if they obtain a new Sidewalk-enabled device, Sidewalk will automatically be re-enabled, and they will need to opt-out again.

33. The cost to Amazon to implement an independent Sidewalk network that did not utilize customer-owned devices would be enormous and may not even be possible.

## CLASS ACTION ALLEGATIONS

34. This action is brought, and may properly proceed, as a class action pursuant to Rules 23(a) and 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

35. Plaintiffs bring this action on behalf of a Nationwide Class, defined as follows:

> **All persons in the United States who bought or acquired and use an Amazon Sidewalk Device.**

36. Excluded from the Class are Amazon, its affiliates, employees, officers, and directors; persons or entities that purchased Echo or Ring devices for resale; and the Judge(s) assigned to this case. Plaintiffs reserve the right to modify, change, or expand the class

---

[12] Fowler, *supra*, note 1.

COMPLAINT - 6

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

definition if discovery and/or further investigation reveal that they should be expanded or otherwise modified.

37. **Numerosity:** The Class is so numerous that joinder of all members is impracticable. While the exact number and identities of individual members of the Class is unknown at this time, such information being in the sole possession of Amazon and obtainable by Plaintiffs only through the discovery process, Plaintiffs believe, and on that basis allege, that at least tens of millions of Sidewalk Devices have been sold nationwide, with more than 100 million Echo devices sold.[13]

38. **Predominance**: Common questions of law and fact exist as to all members of the Class. These common questions predominate over the questions affecting individual Class Members, and they include, but are not limited to, the following:

    a) Whether Amazon engaged in the conduct alleged herein;

    b) Whether Amazon automatically activated Sidewalk on Sidewalk Devices without explicit consumer consent;

    c) Whether Amazon sought permission from consumers to activate Sidewalk on their Sidewalk Devices;

    d) Whether Amazon provided adequate notice to consumers to activate Sidewalk on their Sidewalk Devices.

    e) Whether the Sidewalk Devices access and uses consumers' personal Internet bandwidth;

    f) Whether Amazon is compensating consumers for the use of their personal Internet bandwidth;

---

[13] Avery Harmans, *Amazon Has Finally Revealed How Many Alexa Devices Have Been Sold*, BUSINESS INSIDER, (Jan. 14, 2019, 3:42 PM), https://www.businessinsider.com/amazon-reveals-alexa-sales-2019-1; *see also* Abrar Al-Heeti, *Amazon has sold more than 100 million Alexa Devices: Holiday sales of the Echo Dot also exceeded Amazon's expectations*, (Jan 4. 2019, 3:51 PM), https://www.cnet.com/home/smart-home/amazon-has-sold-more-than-100-million-alexa-devices/.

COMPLAINT - 7

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

g) Whether Amazon received permission from Internet service providers to access and use personal Internet bandwidth;

h) Whether Amazon's Sidewalk exposes consumers' personal data to a heightened security risk;

i) Whether Amazon's conduct alleged herein violates consumer protection statutes and other laws as asserted herein;

j) Whether Amazon engaged in unfair or deceptive business practices as asserted herein;

k) Whether Plaintiffs and Class Members suffered an ascertainable loss as a result of Amazon's use of their personal Internet bandwidth;

l) Whether Plaintiffs and Class Members are entitled to damages as a result of Amazon's conduct alleged herein, and if so, the amount or proper measure of those damages; and

m) Whether Plaintiffs and Class Members are entitled to equitable relief, including but not limited to injunctive relief, including public injunctive relief as provided for pursuant to Washington law.

39. **Typicality:** Plaintiffs' claims are typical of the claims of the Class, as Plaintiffs purchased or acquired a Sidewalk Device for which Amazon automatically engaged its Sidewalk technology, as did each member of the Class. Plaintiffs and Class Members were injured in the same manner by Amazon's uniform course of conduct alleged herein. Plaintiffs and Class Members have the same claims against Amazon relating to the conduct alleged herein, and the same events giving rise to Plaintiffs' claims for relief give rise to the claims of all Class Members. Plaintiffs and Class Members sustained monetary and economic injuries, including, but not limited to, ascertainable losses arising out of Amazon's wrongful conduct in taking Plaintiffs' and Class Members' personal Internet bandwidth for its own use without

COMPLAINT - 8

compensation and without prior consent. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all absent Class Members.

40. **Adequacy:** Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class they seek to represent. Plaintiffs have retained counsel competent and highly experienced in complex class action litigation—including consumer protection class action cases—and they intend to prosecute this action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of the Class.

41. **Superiority:** A class action is superior to all other available means of fair and efficient adjudication of Plaintiffs and Class members' claims. The injury that each individual Class member has suffered is relatively small compared to the burden and expense of individual prosecution of the complex and extensive litigation that Amazon's conduct necessitates. It would be virtually impossible for members of the Class to redress, individually and effectively, the wrongs Amazon has done to them. Even if Class members could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, given the complex legal and factual issues of the case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court. Upon information and belief, Class Members can be readily ascertained and notified.

42. Amazon has acted, and refuses to act, on grounds generally applicable to the Class, thereby making final equitable and injunctive relief appropriate with respect to the Class as a whole.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## WASHINGTON LAW APPLIES TO THE ENTIRE CLASS

43. Washington's substantive laws apply to every member of the Class, regardless of where in the United States the putative Class Member resides.

44. Amazon's Conditions of Use state, "By using any Amazon Service, you agree that applicable federal law, and the laws of the state of Washington, without regard to principles of conflict of laws, will govern these Conditions of Use and any dispute of any sort that might arise between you and Amazon."[14] These Conditions further state that "[a]ny dispute or claim relating in any way to your use of any Amazon Service will be adjudicated in the state or Federal courts in King County, Washington, and you consent to exclusive jurisdiction and venue in these courts."[15]

45. By choosing Washington law for the resolution of disputes, Defendants concede that it is appropriate for the Court to apply Washington law to this action.

## CLAIMS FOR RELIEF

## COUNT I

**Violation of the Washington Consumer Protection Act, RCW §§ 19.86.101, *et seq*.**

**(On Behalf of Plaintiffs and the Class)**

46. Plaintiffs hereby reallege and incorporate by reference all previous paragraphs of this complaint as though fully set forth herein.

47. Defendants are "persons" within the meaning of the Washington Consumer Protection Act ("WCPA"), RCW 19.86.010(1), and they conduct "trade" and "commerce" within the meaning of RCW 19.86.010(2). Plaintiffs and other members of the Class are "persons" within the meaning of RCW 19.86.010(1).

---

[14] *Conditions of Use*, AMAZON.COM SERVICES, https://www.amazon.com/gp/help/customer/display.html/?nodeId=508088 (last visited June 16, 2021).

[15] *Id.*

COMPLAINT - 10

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

48. The WCPA protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.

49. To achieve that goal, the WCPA prohibits any person from using "unfair methods of competition or unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." RCW § 19.86.020.

50. Plaintiffs and Class Members are current owners and users of Sidewalk Devices.

51. Defendants falsely claim that consumers are donating their Internet bandwidth for the Sidewalk network. In fact, Defendants enabled the Sidewalk Devices to share consumers' Internet bandwidth without prior consent, without adequate notice, and without compensation.

52. Defendants' conduct is deceptive. Amazon affirmatively misrepresents that its consumers are voluntarily sharing and donating their Internet bandwidth, constituting deceptive acts and practices. Amazon also states that it offers Sidewalk at "no charge to customers" but fails to disclose that while it may not charge its customers, Internet service providers charge fees when their customers exceed their bandwidth. Amazon fails to disclose that its use of customer bandwidth may result in such overcharge fees.

53. Defendants' conduct is unfair. Defendants' failure to obtain consent to share Internet bandwidth, failure to provide adequate notice of sharing Internet bandwidth, and/or failure to compensate consumers for that bandwidth constitute unfair acts that offend public policy.

54. Defendants' deceptive and unfair acts and practices occurred in its trade or business and have proximately caused injury to Plaintiffs and Class Members. Defendants' general course of conduct is injurious to the public interest. Defendants' acts are ongoing, meaning that the harmful effects of Defendants' acts and/or omissions are repeated, widespread, and expected to last for years into the future.

COMPLAINT - 11

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

55. By their acts and/or omissions as alleged herein, Defendants are forcing Plaintiffs to institute this action.

56. As a direct, proximate, and legal result of Defendants' deceptive and unfair acts and practices, Plaintiffs and Class Members have been, and continue to be, damaged in an amount in excess of the jurisdictional limits of this Court, including but not limited to the value of their personal Internet bandwidth, time spent learning about the Sidewalk network, time spent disabling the Sidewalk function on Sidewalk Devices, costs of Internet data use overages charged by Internet service providers, and other fees, expenses, and costs to be proven at trial.

57. Plaintiffs have also sustained other economic losses as a direct, proximate, and legal result of Defendants' conduct, in an amount to be proven at trial.

58. Accordingly, Plaintiffs, on behalf of themselves and Class Members, seek to enjoin further violation of the WCPA and to recover actual and treble damages (where applicable), together with the costs of bringing this suit, including reasonable attorney fees.

## COUNT II

**Claim For Theft of Telecommunication Services Pursuant to RCW § 9A.56.268**

**(On Behalf of Plaintiffs and the Class)**

59. Plaintiffs hereby reallege and incorporate by reference all previous paragraphs of this complaint as though fully set forth herein.

60. Plaintiffs and Class Members use Sidewalk Devices for household and other personal uses.

61. When Plaintiffs and Class Members use their Sidewalk Devices, Defendants take and use a portion of Plaintiffs' and Class Members' personal Internet bandwidth to create Amazon's Sidewalk network.

62. Plaintiffs' and Class Members' Internet bandwidth constitutes "telecommunications services" within the meaning of RCW §§ 80.04.010, 9.26A.100, and

COMPLAINT - 12

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

9A.56.268. Specifically, "telecommunications" means "the transmission of information by wire, radio, optical cable, electromagnetic, or other similar means."[16]

63. Defendants did not obtain prior consent or permission from Plaintiffs and Class Members for Amazon's taking and use of the personal Internet bandwidth.

64. Based on information and belief, Defendants knowingly failed to enter into a prior agreement to pay for the telecommunication services taken and used for the Sidewalk network with the intent to avoid payment for those services in violation of RCW § 9A.56.262.

65. As a direct, proximate, and legal result of Defendants' theft of telecommunication services, Plaintiffs and Class Members have been, and continue to be, damaged in an amount in excess of the jurisdictional limits of this Court, including but not limited to the value of their personal Internet bandwidth, time spent learning about the Sidewalk network, time spent disabling the Sidewalk function on Sidewalk Devices, costs of Internet data use overages charged by Internet service providers, and other fees, expenses, and costs to be proven at trial.

66. Plaintiffs, individually and on behalf of the Class Members, seek the following: (1) an injunction requiring that Defendants cease taking and using Plaintiffs' and Class Members' personal Internet bandwidth without prior consent, reasonable notice, and/or compensation; (2) actual damages; (3) costs of suit, including reasonable investigative and attorney fees and costs; and (4) civil penalties up to $25,000 for each violation of RCW § 9A.56.262 as permitted by RCW § 9A.56.268.

///
///
///
///
///

---

[16] RCW § 80.04.010; *see also* RCW §§ 9.26A.100, 9A.56.268

COMPLAINT - 13

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## COUNT III

### Unjust Enrichment

### (On Behalf of Plaintiffs and the Class)

67. Plaintiffs hereby reallege and incorporate by reference all previous paragraphs of this complaint as though fully set forth herein.

68. Defendants receive a benefit from the use of customer Sidewalk Devices and internet bandwidth that is not contemplated in the sale contract between Amazon, on the one hand, and Plaintiffs and Class Members, on the other, for such devices.

69. Specifically, for example, Defendants are able to market and provide additional features of its Sidewalk Devices products that can only be provided through Sidewalk or a similar network.

70. By utilizing customer bandwidth instead of implementing an independent network, Defendants have also avoided substantial costs associated with building and maintaining an alternative, independent network that would be required to provide the same functionality. Likewise, they have stolen and repurposed valuable bandwidth from consumers.

71. Defendants have acknowledged the value of the consumer bandwidth rerouted and redistributed through its Sidewalk Devices, and the value of the use of the devices for this purpose cannot be disputed.

72. Under these circumstances, it would be inequitable to allow Defendants to retain the benefit of the use of consumer devices and bandwidth without payment for their value to Plaintiffs and Class members.

### PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and the Class Members, respectfully request the following and pray for judgment as follows:

COMPLAINT - 14

1. Certification of this case as a class action on behalf of Plaintiffs and the Class as defined above, appointment of Plaintiffs as representatives of the Class, and appointment of the undersigned attorneys as Lead Class Counsel;

2. For appropriate declaratory relief;

3. For appropriate injunctive relief;

4. For general compensatory damages, according to proof;

5. For special and consequential damages;

6. For civil penalties, according to law;

7. For prejudgment and post-judgment interest, as allowed by law;

8. For attorney fees, witness fees, and costs of litigation Plaintiffs incur, according to proof;

9. For punitive and exemplary damages, where applicable, according to proof to be determined at trial;

10. For costs of suit herein; and

11. For such other and further relief as the Court may deem proper and just.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial for all issues so triable.

DATED this 8th day of July, 2021.

>TOUSLEY BRAIN STEPHENS PLLC
>By: *s/ Jason T. Dennett*
>By: *s/ Rebecca L. Solomon*
>Jason T. Dennett, WSBA #30686
>jdennett@tousley.com
>Rebecca L. Solomon, WSBA# 51520
>rsolomon@tousley.com
>1700 Seventh Avenue, Suite 2200
>Seattle, Washington 98101
>Telephone: 206.682.5600/Fax: 206.682.2992

COMPLAINT - 15

| | |
|---|---|
| 1 | THE BRAD SOHN LAW FIRM, PLLC |
| 2 | By: *s/ Brad R. Sohn* |
|   | Brad R. Sohn (Application Forthcoming for Admission *Pro Hac Vice*) |
| 3 | brad@bradsohnlaw.com |
| 4 | 1600 Ponce De Leon Blvd., Suite 1205 |
|   | Coral Gables, Florida 33134 |
| 5 | Telephone: (786) 708-9750/Fax: (305) 397-0650 |
| 6 | LIPPSMITH LLP |
|   | By: *s/ Graham B. LippSmith* |
| 7 | By: *s/ MaryBeth LippSmith* |
| 8 | By: *s/ Jaclyn L. Anderson* |
|   | Graham B. LippSmith (Application Forthcoming for Admission *Pro Hac Vice*) |
| 9 | g@lippsmith.com |
| 10 | MaryBeth LippSmith (Application Forthcoming for Admission *Pro Hac Vice*) |
| 11 | mb@lippsmith.com |
|   | Jaclyn L. Anderson (Application Forthcoming for Admission *Pro Hac Vice*) |
| 12 | jla@lippsmith.com |
| 13 | Telephone: (213) 344-1820 |
| 14 | **Attorneys for Plaintiffs** |

COMPLAINT - 16