The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY AND MATTHEW STREET,

Plaintiffs,

v.

AMAZON.COM SERVICES, LLC, a Delaware Limited Liability Company, and AMAZON DIGITAL SERVICES, LLC, a Delaware Limited Liability Company,

Defendants.

NO. 2:21-cv-0912-BJR

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; AND DIRECTING PLAINTIFFS TO FILE MOTION TO AMEND FAC**

## I. INTRODUCTION

Plaintiffs Mary and Matthew Street ("Plaintiffs" or the "Streets") have filed this lawsuit against Defendants Amazon.com Services, LLC and Amazon Digital Services, LLC (collectively "Defendant" or "Amazon"), asserting claims on behalf of themselves and a putative class, for violations of the Washington Consumer Protection Act ("CPA") and other state laws. The instant matter comes before the Court on a Motion to Dismiss filed by Amazon. Plaintiffs oppose the motion, and ask in the alternative for the opportunity to amend the Complaint. Having reviewed the parties' briefs and supporting material filed in support of and opposition to the motion, the Complaint, and the relevant case law, the Court finds and rules as follows.

ORDER GRANTING
MOTION TO DISMISS

- 1

## II.     BACKGROUND

On June 8, 2021, Amazon launched a technology it calls Sidewalk, automatically connecting certain models of Amazon's Echo smart speakers to other such devices in homes nearby, using Bluetooth and similar technology.[1] First Am. Compl., ("FAC"), ¶ 5. This "mesh network" of Echo-equipped homes helps eliminate interstitial gaps in WiFi, and allows low-bandwidth devices like pet trackers, outdoor security lights, and smart locks, which might otherwise be out of range, to more readily access the internet. Sidewalk performs this function by drawing on the bandwidth and data of private residential internet accounts belonging to owners of the Echo devices.[2] FAC ¶¶ 3, 5.

Amazon does not charge users of the pet-tracking and other devices that take advantage of the Sidewalk network to connect to the internet. However, Amazon also does not pay the owners of the Echo devices for the privilege of drawing from their private internet accounts. Furthermore, while an Echo owner can "opt-out" of the Sidewalk program by logging on to an app and disabling the feature, when Amazon activated Sidewalk in June 2021, all Sidewalk-compatible Echo models were automatically enlisted as part of the network where, in the absence of an owner taking steps to opt out, they continue to operate.

The Streets own a Sidewalk-compatible Echo Dot smart speaker, which they purchased in 2018. *Id*. ¶ 12. The Streets "pay Comcast for personal Internet bandwidth on a monthly basis" and "did not consent to share their personal Internet bandwidth for the Sidewalk network." *Id*. ¶¶ 12-

---

[1] Amazon's Sidewalk-enabled devices include several of its newer models, listed at FAC ¶ 28. For the sake of simplicity this order will use "Echo" to refer to all such Sidewalk-enabled devices.
[2] "Data" refers to a total amount of data transmitted, while "bandwidth" refers to the rate at which such data can be transmitted.

ORDER GRANTING
MOTION TO DISMISS

- 2

14. One may reasonably infer that the Streets disabled the Sidewalk feature on their Echo within several weeks or so of the network's June 2021 launch. *Id*. ¶ 55. They seek to have certified and to represent a class comprised of "All persons in the United States who bought or acquired and use an Amazon Sidewalk Device." *Id*. ¶ 34. The First Amended Complaint includes three counts: (1) for violation of the Washington Consumer Protection Act, RCW 19.86.010, *et seq*.; (2) for Theft of Telecommunications Services, under RCW § 9A.56.268 and .262; and (3) for Unjust Enrichment. They seek an award of damages and injunctive relief. FAC at p. 15.

### III. DISCUSSION

**A. Standard on a Motion to Dismiss[3]**

Upon a motion by a defendant, dismissal is appropriate if the complaint does not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. On a motion to dismiss under Rule 12(b)(6), the Court will accept all of plaintiff's plausible allegations as true and construe them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

Where a defendant argues that a plaintiff's factual allegations are insufficient to state a claim, the court reviews the allegations under the liberal pleading standard of Federal Rule 8(a),

---

[3] The Court rejects both sides' attempts to submit material outside the pleadings, as the Court was able to resolve this motion without reliance on or reference to any of it. Amazon's request for judicial notice and Plaintiffs' Motion for Judicial Notice are denied.

ORDER GRANTING
MOTION TO DISMISS

- 3

which requires that a plaintiff provide only "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a complaint need not contain detailed factual allegations, but it must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Twombly*, 550 U.S. at 570 (2007).

**B. Count I: Washington Consumer Protection Act Claim**

To state a claim for relief under the Washington CPA, a plaintiff must establish: (1) an unfair or deceptive act or practice (2) occurring in trade or commerce, (3) a public interest impact, (4) injury to the plaintiff's business or property, and (5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn. 2d 778 (1986). Amazon challenges two elements of Plaintiffs' CPA claim, arguing that Plaintiffs have failed to allege facts that support a finding of (1) an injury, and (2) an "unfair or deceptive practice." The Court reviews each challenge in turn.

*1. Whether Plaintiffs Have Sufficiently Alleged Injury*

Amazon's first challenge to the CPA claim is that Plaintiffs have not alleged sufficient facts to support a cognizable injury. Generally speaking, the injury claimed in the FAC is an "amount . . . including but not limited to the value of [Plaintiffs'] personal Internet bandwidth, time spent learning about the Sidewalk network, time spent disabling the Sidewalk function on Sidewalk Devices, [and] costs of Internet data use overages charged by Internet service providers." FAC ¶ 55. Despite these averments, Amazon argues that the Streets failed to include in their FAC an explicit allegation that their own personal Echo was ever actually connected to the Sidewalk network, or shared their bandwidth or data within that network; that they have a limited data plan exposing them to possible overage charges for exceeding their data allocation; or that they personally expended time and resources disabling the Sidewalk feature.

ORDER GRANTING
MOTION TO DISMISS

- 4

Amazon is correct. The Streets fail to include in their FAC any allegation *their* Echo ever actually connected through Sidewalk, or that *their* data and bandwidth were ever actually shared. As Amazon further points out, the Streets also fail to allege that they subscribe to a limited data plan; the taking of data from an unlimited plan, even without compensation or consent, Amazon argues, is not an injury. *See Cousineau v. Microsoft Corp.*, 992 F. Supp. 2d 1116, 1128 (finding "unauthorized data transmission would be a cognizable injury to a cell phone user's personal property *where that user purchased a finite allowance of data*" and dismissing CPA claim where plaintiff failed to allege she paid for "a finite allowance rather than an unlimited usage plan") (emphasis added). The FAC also does not include any allegation that the Streets in fact spent any time disabling the Sidewalk feature on their Echo.

If the Streets aspire to represent an entire class of plaintiffs who claim these injuries, they must at a minimum allege at this stage that they have suffered these injuries themselves. The Court does not conclude at this stage, however, that Plaintiffs will be incapable of alleging any injuries under the CPA. Dismissal of the CPA claim for failure to allege an injury is therefore without prejudice and, as outlined more fully below, Plaintiffs may move to amend the FAC and take the opportunity to state their claims by alleging, if they can, the facts that their pleading currently lacks.

    2. *Whether Plaintiffs Have Alleged Unfair or Deceptive Practices*

        a. *Whether Plaintiffs Must Meet Heightened Pleading Standard Under Rule 9(b)*

Amazon also moves for dismissal of the CPA claim on the grounds that Plaintiffs have failed to adequately allege it committed "unfair or deceptive acts." Amazon first argues that Plaintiffs are obligated to plead the circumstances constituting any purportedly deceptive acts

ORDER GRANTING
MOTION TO DISMISS

- 5

1  with particularity, because Plaintiffs' CPA claim "sounds in fraud" and therefore must meet the

2  heightened pleading standard under Federal Rule 9(b), which provides that "a party must state

3  with particularity the circumstances constituting fraud." The question is whether this CPA claim

4  is the sort that triggers this heightened pleading standard, requiring allegations that go beyond

5  Rule 8(a)'s more lenient notice pleading.

6      "While not all claims brought under the Washington CPA must be pled with the

7  specificity prescribed by Rule 9(b), CPA claims that allege and depend upon a 'unified course of

8  fraudulent conduct' as the basis of the claims 'sound in fraud,' and must be averred with

9  particularity." *Nemykina v. Old Navy, LLC*, 461 F. Supp. 3d 1054, 1058 (W.D. Wash. 2020)

10 (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) ("In some cases,

11 the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of

12 conduct as the basis of a claim. In that event, the claim is said to be "grounded in fraud" or to

13 "sound in fraud," and the pleading of that claim as a whole must satisfy the particularity

14 requirement of Rule 9(b)."). The heightened pleading standard of Rule 9(b) may apply to CPA

15 claims containing "allegations of either an intent to deceive or an overarching fraudulent scheme."

16 *Vernon v. Qwest Commc'ns Int'l, Inc.*, 643 F. Supp. 2d 1256, 1265 (W.D. Wash. 2009).

17     Plaintiffs do not allege that Amazon had "an intent to deceive," and the success of their

18 CPA claims does not depend on establishing any such intent. Their claims also do not amount to

19 an "overarching fraudulent scheme." Plaintiffs charge that the Sidewalk marketing materials

20 misleadingly claimed that Echo owners' internet connectivity was being "donated" (rather than

21 being taken without permission). Nevertheless, the crux of their complaint is not that Sidewalk is

22 using the private internet accounts of Echo owners without their knowledge, but that it is doing so

23
24 ORDER GRANTING
   MOTION TO DISMISS

25 - 6

1  without the owners' express consent or compensation—forcing owners to opt out of the network,

2  rather than allowing them to opt in. These claims, if true, fall short of establishing an

3  "overarching fraudulent scheme," and do not trigger the heightened pleading standard of Rule

4  9(b).

5          *b.  Whether Plaintiffs Have Adequately Pleaded Unfair or Deceptive Acts*

6          Having concluded that Plaintiffs need only meet Federal Rule 8(a)'s "short and plain

7  statement" standard, the Court must next determine whether they have done so with regard to

8  pleading an "unfair or deceptive act," one of the CPA's five essential elements. To survive a

9  motion to dismiss a CPA claim, a "plaintiff need not show the act in question was intended to

10  deceive, only that it had the capacity to deceive a substantial portion of the public. *Panag*, 166

11  Wn. 2d at 47.

12          The deceptive or unfair practice alleged here is that Amazon "enabled the Sidewalk

13  Devices to share consumers' Internet bandwidth without prior consent, without adequate notice,

14  and without compensation." FAC ¶ 50. Amazon's response to Plaintiffs' contention that its

15  actions had the capacity to deceive a substantial portion of the public is that there was "extensive

16  media coverage" of the Sidewalk launch, presumably putting Plaintiffs on notice that they had the

17  power (indeed, the obligation) to disable Sidewalk if they did not want to suffer the putative

18  injuries. *See* Mot. at 11 ("[T]he Streets were hardly blindsided when Amazon activated

19  Sidewalk.").

20          The Court concludes that Plaintiffs' admittedly barebones allegation is adequate to put

21  Amazon on notice of what act or practice Plaintiffs are claiming is unfair or deceptive, and

22  survives Amazon's challenge to the sufficiency of Plaintiffs' pleading. Moreover, the Court

23
    ORDER GRANTING
24  MOTION TO DISMISS

25    - 7

cannot say at this stage that, as a matter of law, Plaintiffs will be unable to demonstrate an unfair or deceptive act. The Court concludes that Plaintiffs have included allegations of unfair or deceptive acts that at this stage are sufficient to survive Amazon's Motion to Dismiss.

### C. Count II: Theft of Telecommunications Services Claim

Amazon moves for dismissal of Count II, a claim for Theft of Telecommunications Services, brought under RCW § 9A.56.262. That statute provides:

> (1) A person is guilty of theft of telecommunication services if he or she knowingly and with intent to avoid payment:
>
> (a) Uses a telecommunication device to obtain telecommunication services without having entered into a prior agreement with a telecommunication service provider to pay for the telecommunication services; or
>
> (b) Possesses a telecommunication device.
>
> (2) Theft of telecommunication services is a class C felony.

RCW § 9A 56.268 additionally states "there is created a civil cause of action for theft of telecommunication services," authorizing "[a] person who sustains injury to his or her person, business, or property by an act described in RCW 9A.56.262" to file suit for damages and/or an injunction. Although this statute (enacted in 1995) has apparently never been construed in a civil context, Plaintiffs argue that the statute applies to the facts of their case, and that the "FAC tracks the [statute's] precise and simple requirements." Opp. at 12.

The Court concludes that Plaintiffs' Theft of Telecommunications Services claim must be dismissed. Perhaps most fundamentally, Plaintiffs have not pleaded all of the requisite elements of the claim, as there is no allegation in the FAC that Amazon itself "obtain[ed]" any telecommunication services. According to both parties, the technology works by sharing the

ORDER GRANTING
MOTION TO DISMISS

- 8

internet connectivity of one Echo with another Echo nearby, creating a network that low-bandwidth devices (such as pet-trackers), otherwise out of WiFi range, can use to connect to the internet. *See* FAC ¶ 3. Thus if anyone can be said to have "obtained" Plaintiffs' telecommunications services (a question that Amazon denies, but the Court need not resolve today), it is the owners of neighboring Echoes, or perhaps the owners of the low bandwidth pet-tracking and other devices that use the network, not Amazon. At most, Amazon has created a technology that enables this taking to occur; it does not itself obtain the services, an essential element of the claim.

Plaintiffs appear to concede this point in their Opposition, failing to explain in what way Amazon itself obtained Plaintiffs' telecommunications services. Plaintiffs' only rejoinder to Amazon's argument that other Echo owners, not Amazon, obtained Plaintiffs' telecommunications services is that it is "a deflection that should shock and disgust every Amazon customer." Opp. at 12. Plaintiffs ultimately fail, however, to allege facts supporting this required element of their theft claim, stating only that in any event, Amazon should be liable for "accomplice liability" for the putative theft. *Id*. at 13. Plaintiffs did not plead "accomplice liability" in the FAC, and in their Opposition to the Motion they have not pointed to any allegations in the FAC or provided any argument supporting such a claim, which the Court therefore does not address. The Theft of Telecommunications Services claim, Count II, is hereby dismissed.

### D. Count III: Unjust Enrichment Claim

Finally, Amazon moves for dismissal of Plaintiffs' third claim, for unjust enrichment. "Unjust enrichment is the method of recovery for the value of the benefit retained absent any

ORDER GRANTING
MOTION TO DISMISS

- 9

1 contractual relationship because notions of fairness and justice require it." *Young v. Young*, 164

2 Wn. 2d 477, 484 (2008). To state a claim for unjust enrichment, a plaintiff must allege facts

3 demonstrating that: "(1) the defendant receives a benefit, (2) the received benefit is at the

4 plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit

5 without payment." *Id*. at 484-85.

6 The Court concludes that Plaintiffs have not alleged facts sufficient to support a claim for

7 unjust enrichment. In particular, as with their theft claim, they have failed to allege in what way

8 Amazon receives a benefit from Plaintiffs. Count III in the FAC does allude to two benefits that

9 Plaintiffs claim Amazon receives: it (1) is "able to market and provide additional features of its

10 Sidewalk Devices products [*sic*] that can only be provided through Sidewalk or a similar

11 network"; and (2) has "avoided substantial costs associated with building and maintaining an

12 alternative, independent network that would be required to provide the same functionality." FAC

13 ¶¶ 68, 69. These purported benefits do not support Plaintiffs' unjust enrichment claim for several

14 reasons. First, Plaintiffs allege that Amazon is "able to market and provide additional features,"

15 but it is not clear in what way (if any) this is a benefit to Amazon. Indeed, as stated, the

16 "additional features" appear to be a benefit to owners of the Sidewalk devices. The second

17 claimed benefit to Amazon—that the Sidewalk mechanism has allowed Amazon to avoid

18 "substantial costs associated with building and maintaining" an alternative network—is similarly

19 off-point. Again, it is not self-evident that this is a benefit to Amazon, and Plaintiffs fail to allege

20 facts demonstrating that it is. Amazon is creating a network for consumers to use; if this is a

21 benefit to Amazon, Plaintiffs must at this stage at least allege how: is Amazon able to charge

22 more for the Sidewalk-enabled devices? Is it able to sell more units? Would Amazon have

ORDER GRANTING
MOTION TO DISMISS

- 10

invested in building an alternative network if it were unable to take advantage of the Sidewalk technology? From the facts alleged in the FAC, one is left only to guess what specific benefit Plaintiffs are claiming has accrued to Amazon.

Further undercutting the unjust enrichment claim is that "unjust enrichment requires that a defendant received a right of benefit *that belonged to the plaintiff*." *Pengbo Xiao v. Feast Buffet, Inc.*, 387 F. Supp. 3d 1181, 1191 (W.D. Wash. 2019) (citation omitted). It is unclear how the putative benefits of marketing additional features or "avoiding substantial costs" of building a network are ones that ever belonged to Plaintiffs in this case. For these reasons, Plaintiffs' unjust enrichment claim is dismissed.

### E. Whether Plaintiffs Should Be Permitted to Amend Their FAC

Plaintiffs make a request in their opposition to the motion that in the event the Court is inclined to dismiss their claims, they be permitted to amend their FAC. Opp. at 14. Amazon, of course, objects to this request.

The Court's dismissal of Plaintiffs' claims, above, is grounded in the insufficiency of Plaintiffs' allegations, and this case being in its relatively early stages, the Court therefore dismisses Plaintiffs' claims without prejudice. Nevertheless, the Court declines to grant Plaintiffs' request to amend their FAC, without first requiring them to comply with Local Rule 15, which provides that a "party who moves for leave to amend a pleading . . . must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulated motion," and allowing briefing both in support of and opposition to amendment. Plaintiffs may therefore avoid dismissal of this matter by filing a Motion to Amend the FAC, no later than April 22, 2022. Briefing on the motion shall follow the rules set out in the Court's Standing Order, Dkt. No. 10.

ORDER GRANTING
MOTION TO DISMISS

- 11

## IV. CONCLUSION

For the foregoing reasons, Amazon's Motion to Dismiss is GRANTED; however, Plaintiffs may file a Motion to Amend the Complaint on or before April 22, 2022. Failure to file such motion by that date will result in dismissal of the FAC.

DATED this 21st day of March, 2022.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING
MOTION TO DISMISS

- 12