THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| MARY AND MATTHEW STREET,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC, a Delaware Limited Liability Company, and AMAZON DIGITAL SERVICES, LLC, a Delaware Limited Liability Company,<br><br>Defendants. | Case No.: 2:21-cv-00912-BJR<br><br>**OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |

Plaintiffs Mary and Matthew Street should not be granted leave to file another amended complaint. The Streets' Proposed Second Amended Complaint, Dkt. No. 44-1 ("PSAC"), does not cure the deficiencies that prompted the Court to dismiss their First Amended Complaint ("FAC").

The Streets acknowledge in both versions of their complaint that they do not know whether they suffered any harm. Instead, the Streets simply allege that they had an Echo device when Amazon launched Sidewalk on June 8, 2021. Despite the widespread publicity of Sidewalk's launch, they purportedly took 19 days to opt out of Sidewalk on June 26, 2021. The Streets speculate that, during that time, Sidewalk-enabled devices within range *might* have connected to their Echo and *might* have used some fraction of their internet bandwidth. But the Streets do not know if that hypothetical connection occurred, nor do they identify any basis to

allege harm even if it had.  Indeed, the Streets do not and cannot allege that in June 2021 they exceeded their *massive* 1.2 terabyte bandwidth cap, let alone that Sidewalk caused them to exceed that cap, incur any other fees from their internet service provider, or otherwise suffer any actual injury.

The Streets' conjecture about a *hypothetical* injury is not enough to sustain a complaint. Quite simply, if the Streets had suffered any actual harm, they would know it, and harm is a prerequisite to filing a lawsuit.  Having failed to plausibly allege any injury, the Streets have failed to state a claim for relief, and they are not permitted to conduct discovery in a quest to find one.  The Court should deny the Streets' motion for leave to file the PSAC and dismiss this case with prejudice.

**BACKGROUND**

In its March 21, 2022 Opinion (Dkt. No. 43) ("Op."), the Court dismissed the Streets' three causes of action, principally because the Streets' "barebones" FAC failed to allege an injury.  *See* Op. at 7.

First, the Court dismissed the Streets' Washington's Consumer Protection Act claim, because the Streets failed to allege that: "*their* Echo ever actually connected through Sidewalk, or that *their* data and bandwidth were ever actually shared;" that "they subscribe to a limited data plan;" *id.*; or that they "spent any time disabling the Sidewalk feature on their Echo."  Op. at 5.

Second, the Court found that the Streets' Theft of Telecommunication Services claim, RCW § 9A.56.262, failed to plead "all of the requisite elements," including that "Amazon itself 'obtain[ed]' any telecommunication services."  Op. at 8.

Third, the Court dismissed the Streets' Unjust Enrichment claim for failing to explain how "Amazon receives a benefit from Plaintiffs."  Op. at 10.  The Court held that it was "unclear how the putative benefits of marketing additional features or 'avoiding substantial costs' of building a network are ones that ever belonged to Plaintiffs."  Op. at 11.

As discussed below, the Streets' proposed amendments to their claims fail to cure these defects and would be futile.

# ARGUMENT

A court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., [and] futility of the amendment.'" *Carvalho v. Equifax Info Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (alterations in the original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  A proposed amendment is futile if no set of facts can be proven under the amended pleading that would constitute a valid and sufficient claim. *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (the proper test in determining legal sufficiency of a proposed amendment is identical to that used under Rule 12(b)(6)).

### A. The Streets Still Have Not Pled Any Injury.

The Streets' proposed amendment should be denied as futile because the FAC still alleges no injury, which is an essential element of the Streets' three causes of action.  To sustain a claim in federal court, a "plaintiff must have suffered an 'injury in fact'" that is "*concrete and particularized*." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (emphasis added).  An injury is particularized only if affects "the plaintiff in a personal and individual way." *Id.* at 561 n.1. "A 'concrete' injury must be '*de facto*'; that is, it must actually exist" and not be "speculative." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016).

Allegations of injury, like all of the other elements of a cause of action, must also be "plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 677-78. "'[N]aked assertion[s]' devoid of 'further factual enhancement'" do not suffice. *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).  The Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE AMENDED
COMPLAINT
CASE NO.: 2:21-CV-00912-BJR

- 3 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

The Streets point to no facts indicating that they suffered any actual harm, which they instead allege only on "information and belief." PSAC ¶¶ 16, 53. Nor do the Streets offer "enough facts to raise a reasonable expectation that discovery *will* reveal evidence" that they were injured. *Twombly*, 550 U.S. at 556 (emphasis added). They allege only that they had an Echo device in an urban location with *potential* users of Sidewalk-compatible devices nearby, who *might* have connected to their Echo during the 19 days they had Sidewalk activated. PSAC ¶ 49. Thus, the Streets' allegations raise only the possibility of a connection to their Echo, *not a plausible inference that it actually occurred*.

Moreover, even if such an inference were plausible, the Streets still do not allege any actual injury. Although they now allege that their internet service had a monthly data cap of 1.2 terabytes, PSAC ¶ 16, they do not allege any overage, which they would obviously know. Nor do they allege any other fees or charges they allegedly incurred as a result of Sidewalk. Instead, the Streets baselessly speculate that they were "exposed" to "possible overage charges." PSAC ¶ 16; *id.* ¶ 42 ("potential for overage charges"). The "naked assertion" that the circumstances were such that the Streets *might* have been harmed—although they clearly were not—does not "nudge[] [their] claims" of injury "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680. And plaintiffs "armed with nothing more than conclusions" are not permitted "to rely on anticipated discovery" to plausibly substantiate a claim. *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021); *accord Chemehuevi Indian Tribe v. United States*, 150 Fed. Cl. 181, 201 (2020) ("there is a difference between, on the one hand, alleging facts demonstrating that the government in fact *did* breach its trust duties, thereby causing injury to [Plaintiff] — and obtaining discovery to prove that case — and [Plaintiff] merely asserting that it *does not know whether* it has been injured, and requiring discovery to learn whether it has a claim at all." (emphasis in original)).

### B.     The Streets Do Not Plausibly Allege A CPA Claim.

As Amazon explained in moving to dismiss the FAC, in order to recover under the CPA "a plaintiff must suffer [an] injury to his 'business or property.'" *Keyes v. Bollinger*, 31 Wn.

OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE AMENDED
COMPLAINT
CASE NO.: 2:21-CV-00912-BJR

- 4 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

App. 286, 295, 640 P.2d 1077 (1982).  Injury is "a crucial element of a CPA claim." *Cousineau v. Microsoft Corp.*, 992 F. Supp. 2d 1116, 1128 (W.D. Wash. 2012).  Mere allegations of "possible injury" to business or property do not suffice. *Alvarez v. Target Corp.*, No. 13-CV-0150-TOR, 2013 WL 4734123, at *7 (E.D. Wash. July 10, 2013).  Instead, a plaintiff must show "specific facts demonstrating that" the plaintiff "actually sustained injury." *Cousineau*, 992 F. Supp. 2d at 1128; *see also Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 792 (1986) (holding that the "injury involved need not be great, but it must be established").

The PSAC contains no facts demonstrating injury.  Again, the Streets merely speculate that "Sidewalk used their bandwidth," but only "*[i]f* Sidewalk worked as Amazon designed it to during the 19 days that it was active on the Streets' Echo device." Mot. at 4 (emphasis added).  The Streets offer nothing to justify that assumption.  The PSAC does not address, for example, how widespread Sidewalk usage was in its initial activation phase or whether potential connecting devices were even Sidewalk-compatible at that time.  The Streets' uninformed conjecture does not address the Court's observation that they do not allege a third-party use of their data via Sidewalk.  Their assumption is a "conclusory allegation based on information and belief" that "remains insufficient under *Iqbal/Twombly*." *See Langfitt v. Pierce Cnty.*, No. C21-5122 BHS, 2022 WL 782574, at *4 (W.D. Wash. Mar. 15, 2022); *see also Sims v. Opportunity Fin., LLC*, No. 20-cv-04730-PJH, 2021 WL 1391565 (N.D. Cal. Apr. 13, 2021) (holding that information and belief allegations that are conclusory in nature must be disregarded under *Iqbal* and *Twombly*); *Menzel v. Scholastic, Inc.*, No. 17-cv-05499-EMC, 2018 WL 1400386 (N.D. Cal. Mar. 19, 2018) (same).  Even pleading on "information and belief" requires more than a "hunch," particularly as to something as fundamental as injury. *Edwards Vacuum, LLC v. Hoffman Instrumentation Supply, Inc.*, 556 F. Supp. 3d 1156, 1166 (D. Or. 2021).

To support their attempt to plead exclusively on "information and belief," the Streets cite only a single civil rights case, *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017), which is readily distinguishable. *See* Mot. at 7.  The "information and belief" allegations at issue in

*Soo Park* involved causation, not injury. In *Soo Park*, the plaintiff alleged that the defendant conspired to prevent a witness from providing alibi testimony at the plaintiff's murder trial. 851 F.3d at 928. There was no uncertainty that the alleged harm actually occurred. The alibi witness invoked the Fifth Amendment and refused to testify at the murder trial. *Id.* The question was whether the plaintiff plausibly alleged that the defendant and her alleged John Doe collaborators unconstitutionally "orchestrated" that outcome. *Id.* The Ninth Circuit panel, in a 2-1 decision, concluded that the plaintiff's "complaint alleged facts that [were] 'suggestive' of an agreement to engage in illegal conduct." *Id.* The majority based its ruling upon consideration of "the entire factual context," *id.*, which included, among other things, a "transcript of the phone call" during which the defendant "attempted to dissuade" the witness "from testifying," *id.* at 916 & n.4, and the actual filing of criminal charges against the witness that were allegedly designed to prevent her from testifying in the murder trial, *id.* at 916-17. Thus, the "information and belief" allegations in *Soo Park* rested on far more factual substance than the Streets' speculation. And, unlike the Streets, the plaintiff in *Soo Park* did not profess to require discovery to determine whether she had suffered an injury in the first place. *Id.* at 928-29.

The proposed amendments to the CPA claim are futile for additional reasons, beyond their inability to plausibly allege injury. The amended CPA claim does not remedy the Streets' prior failure to allege that they "in fact spent any time disabling the Sidewalk feature on their Echo." Op. at 5. The PSAC simply adds a non-specific adjective: "after spending *significant* time to determine whether they had a Sidewalk enabled device and how to disable Sidewalk on their device." PSAC ¶ 50. "Significant" is far too vague to address the Court's concern that the Streets were embellishing the time it took to read an email or news article about Sidewalk and toggle off the feature. *Cf. Lomingkit v. Apollo Educ. Grp. Inc.*, 275 F. Supp. 3d 1139, 1152 n.6 (D. Ariz. 2017) (finding the term "significant enhancement" to be corporate puffery). In addition, only actual injuries to business or property are cognizable under the CPA, *Keyes*, 31 Wash. App. at 295, not mere "inconvenience," *Gragg v. Orange Cab Co.*, 942 F. Supp. 2d 1111,

OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE AMENDED
COMPLAINT
CASE NO.: 2:21-CV-00912-BJR

- 6 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

1118 (W.D. Wash. 2013). Time spent reading about and disabling Sidewalk—whether "significant" or otherwise—is not a compensable business or property harm for CPA purposes.

The Court also dismissed the FAC because the Streets did not allege that they subscribed to a finite data plan. Op. at 5. In response, the Streets now allege that they subscribe to a data plan that allows *massive* amounts of data: 1.2 *terabytes* (1.2 million megabytes) per month. PSAC ¶ 16. But that demonstrates just how "infinitesimal" Sidewalk's maximum monthly bandwidth draw actually was. *Gragg*, 942 F. Supp. 2d at 1119. Sidewalk use is capped at 500 megabytes of data per user. PSAC ¶ 42. That equates to .0416% of the Street's enormous monthly data allowance, which "can only reasonably be described as an uncompensable inconvenience." *Gragg*, 942 F. Supp. 2d at 1119 (addressing the loss of storage space caused by unwanted receipt of text messages). Even if it had occurred, such a fleeting data draw would not conceivably have caused the Streets to incur an overage. Unsurprisingly, the Streets allege only that they were "exposed" to "*possible* overage charges," not that they incurred any (a fact that would plainly be within their knowledge).

Accordingly, the Streets have not cured the fatal defects in their CPA claim, and their proposed amendment is futile.

**C.     Plaintiffs Misconstrue The Theft Of Telecommunication Services Claim.**

The Streets' proposed amended cause of action under Washington's theft of telecommunication services statute, RCW §§ 9A.56.262, .268, remains similarly deficient. For the reasons addressed above, the Streets do not plausibly allege the harm the statute requires, *i.e.*, that someone actually stole their telecommunications service. Instead, the PSAC includes a new, wholly speculative claim that Amazon stole the Streets' bandwidth and resold it to companies like Tile. PSAC ¶¶ 82-83. The PSAC footnotes three news articles, from before Sidewalk's activation, that discuss how Sidewalk might support Tile trackers and other low-energy Bluetooth enabled devices; those articles say *nothing* about Amazon selling customer bandwidth to partner companies. PSAC ¶¶ 36 nn.13-14, 39 n.16. The Streets clearly have no

OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE AMENDED
COMPLAINT
CASE NO.: 2:21-CV-00912-BJR

- 7 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

basis to allege the existence or terms of any such agreements, so those allegations are pure conjecture. PSAC ¶ 37.

Even accepting those speculative allegations as true, the claim still fails because the Streets do not plausibly allege that any third party accessed the Streets' Echo device, much less that *Amazon* obtained their data. Rather, as the Court found, if anything, telecommunications services were "obtained" by "the owners of neighboring Echoes, or perhaps the owners of the low bandwidth pet-tracking and other devices that use the network, not Amazon." Op. at 9. The same logic applies no matter the arrangements by which Amazon made Sidewalk accessible to Tile users. The Tile users, not Amazon, would have obtained telecommunications services.

The Court termed the failure to allege that Amazon obtained services from the Streets the "most fundamental[]" defect of the claim, Op. at 8, but it was not the only one. As Amazon explained in its motion to dismiss the FAC, the Streets are not a telecommunication service provider and therefore they are incapable of invoking the statute. *See* Dkt. No. 31 at 12. In addition, Amazon publicly announced Sidewalk's activation, hardly the conduct of a telecom thief acting "with intent to avoid payment." *See id.* at 12-13. As noted above, the PSAC newly cites three May 7, 2021 articles, from major tech news outlets like CNBC, CNET, and GeekWire, reporting on Sidewalk more than a month before its activation. One such article even quotes an Amazon representative explaining that Amazon "started notifying existing Echo customers with eligible devices that their devices will be a part of Sidewalk and how they can change their preferences before the feature turns on." PSAC ¶ 34 n.14 (quoting Ry Crist, *Amazon Sidewalk launches June 8 with support for Tile trackers*, (May 7, 2021, 8:02 AM), https://www.cnet.com/home/smart-home/amazon-sidewalk-launches-june-8-with-support-for-tile-trackers/). Thieves do not give their victims a month's notice, much less how-to instructions on how to prevent the theft. It also appears that Plaintiffs have abandoned their ill-formed "accomplice liability" allegation, *see* Op. at 9, which does not appear in the PSAC.

Accordingly, Plaintiffs' proposed amendments to their theft claim should be rejected because they are futile.

### D. Plaintiffs Do Not Properly Allege Unjust Enrichment.

Finally, the Streets cannot salvage their unjust enrichment claim by invoking the same fanciful allegation that Amazon resold their bandwidth to "partner companies like Tile." PSAC ¶ 93. The Court previously dismissed the unjust enrichment claim because it did not identify a "specific benefit" that accrued to Amazon that "ever belonged to" the Streets. There is no plausible allegation that the Streets' bandwidth was used by any Sidewalk device. And, if any bandwidth *was* shared, it was received by a Sidewalk-enabled device *user*, not Amazon.

### CONCLUSION

Plaintiffs should not be permitted to prolong this vexatious litigation to complain about a harm that they merely speculate may have occurred, and that they quickly acted to prevent. For the above reasons, Amazon respectfully requests that the Court deny Plaintiffs' motion for leave to amend and enter an order of dismissal with prejudice.

Dated: May 13, 2022                    Respectfully submitted,

FENWICK & WEST LLP

By: */s/ Brian D. Buckley*
Brian D. Buckley, WSBA No. 26423

AnnaLise Bender-Brown (admitted *pro hac vice*)
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Email:     bbuckley@fenwick.com
           abenderbrown@fenwick.com

David W. Feder (admitted *pro hac vice*)
FENWICK & WEST LLP
902 Broadway, 14th Floor
New York, NY 10010
Telephone: 212.430.2600
Email:     dfeder@fenwick.com

*Attorneys for Defendants*
AMAZON.COM SERVICES, LLC and
AMAZON DIGITAL SERVICES, LLC