The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY AND MATTHEW STREET,

Plaintiffs,

v.

AMAZON.COM SERVICES, LLC, a
Delaware Limited Liability Company, and
AMAZON DIGITAL SERVICES, LLC, a
Delaware Limited Liability Company,

Defendants.

NO. 2:21-cv-0912-BJR

**ORDER DENYING MOTION TO AMEND**

## I.    INTRODUCTION

This matter comes before the Court on a Motion to Amend, Dkt. No. 44, filed by Plaintiffs Mary and Matthew Street ("Plaintiffs" or the "Streets"). Plaintiffs filed this Motion after the Court granted the Motion to Dismiss, filed by Defendants Amazon.com Services, LLC and Amazon Digital Services, LLC (collectively "Defendants" or "Amazon"). The Order Granting the Motion to Dismiss was "grounded in the insufficiency of Plaintiffs' allegations," and was without prejudice, providing Plaintiffs the opportunity to cure the deficiencies in their complaint by amendment. Order Granting Mot. to Dismiss, Dkt. No. 43, at 11.

Having reviewed the parties' briefs and supporting material filed in support of and opposition to the motion, including the Proposed Second Amended Complaint ("PSAC"), and the

ORDER DENYING MOTION TO AMEND

- 1

relevant case law, the Court finds and rules as follows.

## II.       BACKGROUND

This proposed class action challenges an Amazon technology called Sidewalk, which is enabled on certain newer models of Amazon's Echo smart speakers ("Sidewalk Devices"). The technology "enables those Sidewalk Devices to connect to other Sidewalk-enabled devices nearby through their Bluetooth connections, creating a new, shared network." PSAC, ¶ 3. Using this network, nearby third-party devices such as pet trackers like Tile can connect to the internet and send small amounts of data (concerning, for example, their location) using the private residential internet accounts belonging to owners of the Sidewalk Devices. *Id.*, ¶¶ 3, 4. Use of these internet accounts is capped at 500 megabytes. *Id.*, ¶ 42. Echo owners are not compensated for use of their internet, but can opt out of Sidewalk by disabling the feature on their devices. Opting out requires owners to "take several steps to disable Sidewalk on their devices." *Id.*, ¶ 43.

Plaintiffs own a Sidewalk-compatible Echo Dot smart speaker, which they purchased in 2018. PSAC, ¶ 14. Sidewalk launched on June 8, 2021, and Plaintiffs disabled the Sidewalk feature on their Echo on June 27, 2021. *Id.*, ¶¶ 46, 50. The Streets have alleged "on information and belief" that during that 19-day period, Sidewalk provided third parties access to the internet using Plaintiffs' personal internet account, which "consumed data from the Streets' limited Internet data allocations." *Id.*, ¶¶ 16, 53. The Streets pay for internet access, with a data limit of 1.2 terabytes[1] a month, but do not allege that they incurred any overage charges or other fees during the period that Sidewalk was enabled on their device. They also do not claim that their

---

[1] A terabyte is equal to one million megabytes.

ORDER DENYING MOTION TO AMEND

- 2

internet speed was slowed or otherwise affected, or that their privacy was somehow invaded.[2] The only other putative injury they claim to have suffered relates to the "significant time" they spent learning about how to disable Sidewalk on their Echo. *Id.*, ¶ 50.

On March 21, 2022, the Court granted Amazon's Motion to Dismiss, finding several critical deficiencies in Plaintiffs' First Amended Complaint. The Court found, among other things, that Plaintiffs had failed "to include in their FAC any allegation *their* Echo ever actually connected through Sidewalk, or that *their* data and bandwidth were ever actually shared," and that Plaintiffs "fail[ed] . . . to allege facts supporting [a] required element of their theft claim." Order Granting Mot. to Dismiss, p. 5. In their opposition to Amazon's Motion to Dismiss, Plaintiffs requested leave to amend their FAC. The Court granted Plaintiffs leave to file a motion to amend, setting a deadline of April 22, 2022. On that day, Plaintiffs filed the instant motion.

Like the First Amended Complaint, the Proposed Second Amended Complaint includes three claims: (1) for violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86.010, *et seq.*; (2) for Theft of Telecommunications Services ("TTS"), under RCW § 9A.56.268 and .262; and (3) for unjust enrichment. Plaintiffs seek an award of damages and injunctive relief, and propose to represent a class of "[a]ll persons in the United States who bought or acquired and use an Amazon Sidewalk Device." PSAC, ¶ 55.

///

///

---

[2] The PSAC does make reference to a potential "increased risk to the security of [Plaintiffs'] personal data," PSAC, ¶ 8, but Plaintiffs have not argued that this caused them injury, and the facts as alleged here would not support them if they did. *See Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1143 (9th Cir. 2010) (increased risk of future harm is an injury for Article III standing only where plaintiffs "alleged a credible threat of real and immediate harm.").

ORDER DENYING MOTION TO AMEND

- 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

### III.   DISCUSSION

**A. Standard on a Motion to Amend: Whether Amendment Would Be Futile**

Under Federal Rule 15, leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, leave need not be granted when the proposed amendment is futile.[3] *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). A proposed amended complaint is futile if it would be immediately "subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir.1998). Thus, the "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988).

To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-570 (2007).[4] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Plausibility" means less than "probability," but "more than a sheer possibility," and facts that are "merely consistent with" a defendant's liability stop "short of the line between possibility

---

[3] Defendants do not raise any of the other recognized grounds for denying a motion to amend a complaint, such as bad faith or prejudice.

[4] Both Plaintiffs and Defendants assert that "[a] proposed amendment is futile if no set of facts can be proven under the amended pleading that would constitute a valid and sufficient claim." Defs.' Opp. at 3; Pls.' Rep. at 2 (citing *Miller*, 845 F.2d at 214). However, "*Twombly* retired the *Conley* no-set-of-facts test." *Iqbal*, 556 U.S. at 678. In the wake of *Twombly* and *Iqbal*, therefore, "it might more appropriately be said that an amendment is futile when the proposed amended complaint fails to allege 'enough facts to state a claim to relief that is plausible on its face.'" *Fulton v. Advantage Sales & Mktg., LLC*, 2012 WL 5182805, at *2–3 (D. Or. Oct. 18, 2012) (citations omitted) (acknowledging that *Twombly* abrogated *Conley's* "no set of facts" standard for purposes of evaluating the futility of a motion to amend a complaint).

ORDER DENYING MOTION TO AMEND

- 4

and plausibility." *Id.* at 678; *Li v. Kerry*, 710 F.3d 995, 999 (9th Cir.2013). All allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1145 n. 4 (9th Cir. 2012); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**B. Whether Plaintiffs' Amendments Would Be Futile**

Defendants argue that the claims in the Proposed Second Amended Complaint fail because the Streets have not alleged enough facts to support a reasonable inference that they sustained any injury. "In a class action, the named plaintiffs attempting to represent the class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *In re Zappos.com, Inc*., 108 F. Supp. 3d 949, 953–54 (D. Nev. 2015) (quoting *Warth v. Seldin*, 422 U.S. 490, 502 (1975)). Adequately alleging injury is necessary to establish both standing in this Court under Article III to the U.S. Constitution, and a required element of each of Plaintiffs' three claims. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (to establish standing "the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical") (citations omitted); *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 57 (2009) ("Washington requires a private CPA plaintiff to establish the deceptive act caused injury.") (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 794 (1986)); *Young v. Young*, 164 Wn.2d 477, 484–85 ("A claim of unjust

ORDER DENYING MOTION TO AMEND

- 5

1   enrichment requires proof of three elements—"(1) the defendant receives a benefit, (2) the

2   received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the

3   defendant to retain the benefit without payment."); RCW 9A.56.268(2) (theft of

4   telecommunications services private cause of action may be brought only by "[a] person who

5   sustains injury to his or her person, business, or property.").

6       In this case, Plaintiffs have alleged "on information and belief, Amazon's use of the

7   Street Plaintiffs' bandwidth through Sidewalk consumed data from the Streets' limited Internet

8   data allocations and also exposed them to possible overage charges for exceeding their data

9   allocation." PSAC, ¶ 16. In connection with their CPA claim, Plaintiffs allege that their damages

10  amount to "the value of their personal Internet bandwidth, time spent learning about the

11  Sidewalk network, time spent disabling the Sidewalk function on Sidewalk Devices, costs of

12  Internet data use overages charged by Internet service providers, and other fees, expenses, and

13  costs to be proven at trial." PSAC, ¶ 76. On closer examination of their proposed amended

14  complaint, the Court concludes that the Streets have failed to allege facts in the PSAC that would

15  give rise to an inference that they have been injured, and that their proposed amendments would

16  therefore be futile.

17      **1.   Plaintiffs' Pleading That They Suffered Injury "On Information and Belief" Is
            Inadequate to Confer Standing**

18

19      According to the facts alleged in the PSAC, use of Plaintiffs' internet account would have

20  occurred when "Amazon's partner companies' Bluetooth devices like Tile send packets of data

21  through Sidewalk to Amazon's servers." PSAC ¶ 83. But the PSAC does not sufficiently allege

22  facts that support a reasonable inference regarding when, how often, or even if this ever

23  occurred.

24  ORDER DENYING MOTION TO AMEND

25   - 6

Instead, the Streets have pleaded only "on information and belief" that "third parties connected to the Street Plaintiffs' Echo device over the Sidewalk network and used the Street Plaintiffs' limited Internet bandwidth." PSAC, ¶ 53. Plaintiffs argue that whether the Sidewalk technology was ever used on their device is information known only to Defendants, and that pleading on information and belief is appropriate when facts are in the "peculiar possession" of a defendant or otherwise unavailable to the plaintiff. *See Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017). Even where information and belief pleading is appropriate, however, it must still be "based on factual information that makes the inference of culpability plausible." *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). Furthermore, in the highly unusual case in which a plaintiff pleads an *injury* on information and belief, such as here, the concern is not merely whether the plaintiff has adequately pleaded a necessary element of its claims, but whether it has even suffered a "concrete and particularized" injury necessary to confer standing. *See Brickstructures, Inc. v. Coaster Dynamix, Inc*., No. 16 CV 10969, 2017 WL 4310671, at *4 (N.D. Ill. Sept. 28, 2017) ("[I]nformation and belief allegations are perfectly fine in appropriate circumstances . . . But where something is alleged which should be within a plaintiff's personal knowledge, an information and belief allegation thrusts the complaint into the realm of speculation. . . . If plaintiff has nothing on which it can base a clear and direct allegation that it has suffered an injury, this litigation is grounded on pure speculation, something that [*Twombly* and *Iqbal*] prohibit. . . . But the problem in the [context of plaintiff's Lanham Act claim] is even more significant. Without an adequate allegation that it has sustained an injury within the reach of the Lanham Act, it is unclear that plaintiff has articulated an Article III case or controversy.").

ORDER DENYING MOTION TO AMEND

- 7

Here, the facts that Plaintiffs have alleged supporting an inference that they were injured are sparse. Sidewalk was activated on June 8, 2021. PSAC, ¶ 46. The Streets disabled the feature on their Echo on June 27, 2021. PSAC, ¶ 50. For Sidewalk to have provided access to the Streets' internet account, third-party devices would have had to connect through their Echo during that 19-day period. The only such third-party device that Plaintiffs identify by name is the Tile brand tracker, which was not connected to the Sidewalk network until June 14, 2021, narrowing the period a Tile could have accessed the Streets' Echo to 13 days. PSAC ¶ 46.[5] The Streets live in a "densely populated area near downtown Miami," which they allege, with no factual support, "likely contains other Sidewalk devices and Amazon partner company devices like Tile." *Id.,* ¶ 49. Apart from this allegation, the Court is provided no facts that support a plausible inference that a Tile device connected through the Streets' Echo in that 13-day period, such as an estimate of how many Tile devices were in circulation nationally at the time, let alone in the Miami area;[6] a description of how and when a Tile device might connect through a nearby Sidewalk device (for example, do such devices automatically and continuously connect through and draw data from any and all nearby Echoes as a pet walks down the street? Or do they use data only episodically, as when a pet owner activates a function to find a lost pet?); how close a

---

[5] Plaintiffs do not provide any information regarding any device, other than the Tile, that would have used the Streets' Echo. They do reference partnerships Amazon may have with two other companies—Level and CareBand—but do not provide any details regarding when (or even if) those devices might have joined the Sidewalk network, or under what circumstances such devices might have been activated to send data through the Streets' (or anyone's) Sidewalk device. PSAC, ¶ 39.

[6] In their briefing, Plaintiffs state that "the number of Sidewalk-enabled devices that are in consumer hands indicates that they are likely in use in just about every neighborhood across the country." Rep. at 3. But the PSAC does not contain any allegations supporting this conclusory claim, including what that number (even roughly) might be. Instead, the PSAC alleges only that "at least tens of millions of *Sidewalk Devices* have been sold nationwide, with more than 100 million Echo devices sold." *Id.* at ¶ 57 (emphasis added). The phrase "Sidewalk Devices" refers to Echoes and other Amazon smart speakers that enable access to the putative class's internet accounts; not to Tile trackers and other similar devices, which are what would theoretically have caused Plaintiffs' injury. *See* PSAC, ¶ 2.

ORDER DENYING MOTION TO AMEND

passing Tile device must be to an Echo to access the internet through Sidewalk, or the distance from the Plaintiffs' Echo to the nearest public space, such as a street or sidewalk, where a Tile device might have passed by; or other tangible, real-world facts supporting Plaintiffs' conclusory assertion that "Sidewalk-enabled devices most likely connected to their Echo and used their bandwidth without their consent." Rep. at 1. The Court is provided almost no facts to assess just how "likely" this event truly was. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). In the absence of such facts giving rise to a reasonable inference that a third-party device accessed and used the Streets' internet in the short period of time during which Sidewalk was activated on their Echo, Plaintiffs have failed to articulate a "concrete and particularized" injury and thus their pleading not only inadequately states any claim; it also fails to establish that these Plaintiffs have standing.

    **2.  Even Assuming Sidewalk Accessed Plaintiffs' Internet as Claimed, Plaintiffs Have Not Articulated a Cognizable Injury**

    The Court also concludes that even if one could reasonably infer from Plaintiffs' allegations that third-party devices connected through their Echo, Plaintiffs have not sufficiently pleaded a cognizable injury supporting any of their three claims.

    *a.  Washington Consumer Protection Act Claim*

    Under Washington's CPA, "[n]o monetary damages need be proven so long as there is some injury to property or business." *Sorrel v. Eagle Healthcare, Inc.*, 110 Wn. App. 290, 298 (2002). Nevertheless, a plaintiff must allege and prove facts showing that he was at least "*deprived of the use of his property* as a result of an unfair or deceptive act or practice." *Id.*

ORDER DENYING MOTION TO AMEND

(emphasis added). Here, Plaintiffs not only fail to claim any monetary damages in the form of overage or other fees; they have not even alleged that they were "deprived of the use of their property" as a result of Sidewalk accessing their internet connection. They have not alleged, for example, that Sidewalk caused an interruption—or even a perceptible slowdown—in their internet connectivity. *Compare In re: Lenovo Adware Litig.*, No. 15-MD-02624-RMW, 2016 WL 6277245, at *9 (N.D. Cal. Oct. 27, 2016) ("[P]laintiffs in the instant case plausibly allege that the operation of VisualDiscovery significantly degraded the performance of the Lenovo computers. Plaintiffs describe VisualDiscovery as running "constantly," and allege that while VisualDiscovery was operational, it decreased battery life, slowed internet upload speeds by as much as 55 percent and download speeds by as much as 16 percent, and caused certain webpages to fail to load correctly or not load at all. Plaintiffs allege that consumers complained that VisualDiscovery interfered with watching videos online, caused the computers to run slow, blocked or slowed connections to certain websites, and caused security issues.") (citations omitted). In the absence of an allegation that Sidewalk somehow deprived Plaintiffs of the use of their property, they fail to state a claim on which relief can be granted. *See Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 124 (N.D. Cal. 2020). ("Plaintiffs' allegations are insufficient to allege the requisite showing of harm. . . . Plaintiffs do not allege that 2FA prevents Plaintiffs from logging in after that delay, or that Plaintiffs' devices are "damaged" by the delay."); *Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1055–56 (N.D. Cal. 2014) (finding that "[b]ecause Plaintiffs have not quantified or otherwise articulated the alleged resource usage, they fail to allege an injury that can serve as the basis of standing" even where plaintiffs claimed "the unauthorized transmissions

ORDER DENYING MOTION TO AMEND

1   and operations used iDevice resources, battery life, energy and cellular time at a cost to Plaintiffs

2   and caused loss of use and enjoyment of some portion of each iDevice's useful life").

3          Plaintiffs have also attempted to cast the "significant time" they spent learning about and

4   disabling Sidewalk as an injury. PSAC, ¶ 50. However, while "*[p]ecuniary losses occasioned by*

5   *inconvenience* may be recoverable as actual damages, . . . damages for . . . inconvenience are not

6   recoverable under the CPA." *Panag*, 166 Wn.2d at 57–58 (citing *Keyes v. Bollinger*, 31 Wn. App.

7   286, 295 (1982) (emphasis added). Plaintiffs have not alleged any "pecuniary" losses occasioned

8   by the "significant time" they spent on their Echo. The cases Plaintiffs cite for the proposition that

9   the CPA recognizes injury for the expense of "time and money," therefore, are inapposite. *See,*

10  *e.g., McDonald v. OneWest Bank, FSB*, 929 F. Supp. 2d 1079, 1098 (W.D. Wash. 2013) (denying

11  summary judgment on CPA claim where plaintiff provided evidence the defendant's "deceptive

12  acts forced him to expend time *and money*" to investigate) (emphasis added). There is no

13  authority supporting Plaintiffs' position that time alone, in the absence of pecuniary consequence,

14  is a cognizable injury under the CPA. And even if it were as a general matter, here Plaintiffs'

15  claim that they spent "significant" time and had to take "several steps" to disable the feature is too

16  vague and de minimus to constitute the kind of injury for which the law provides redress.

17          *b.   Unjust Enrichment Claim*

18          Plaintiffs' claim for unjust enrichment fails for the same reasons. A claim for unjust

19  enrichment provides "the method of recovery for the value of the benefit retained absent any

20  contractual relationship because notions of fairness and justice require it." *Young*, 164 Wn. 2d at

21  484. To prevail on such claim, however, a plaintiff must demonstrate, among other elements, that

22  the defendant was enriched at the "plaintiff's *expense*." *Id.* at 484–85. In the absence of an

23

24  ORDER DENYING MOTION TO AMEND

25  - 11

1    allegation that a benefit was conferred at the plaintiff's expense, dismissal of an unjust enrichment

2    claim is appropriate. *See Lavington v. Hillier*, 510 P.3d 373, 377 (Wash. Ct. App. 2022)

3    (affirming dismissal of unjust enrichment claim based on defendant's use of plaintiff's driveway

4    without permission, where defendant received a benefit, but plaintiff "acknowledged that she did

5    not give anything to [defendant] that benefited him"). Here, as noted above, the PSAC fails to

6    allege facts supporting an inference of such expense. Even if Plaintiffs had plausibly alleged that

7    third parties accessed the Sidewalk network through their Echo (which they did not), Plaintiffs

8    were not charged an overage fee therefor, or suffer any alleged pecuniary consequences that could

9    be characterized as an "expense" to them as a result. Because the unjust enrichment claim would

10   therefore be subject to dismissal, the proposed amendment is futile.

11            *c.   Theft of Telecommunications Services Claim*

12            Finally, because Plaintiffs have failed to allege any injury, the Court denies their request

13   to amend the Theft of Telecommunications Services claim. A person is authorized to bring a

14   private right of action under the TSS statute only if he or she suffered an "injury to his or her

15   person, business, or property." RCW 9A.56.268(2). It is clear that Plaintiffs cannot plead

16   sufficient allegations, as discussed above, to support an inference any such injury occurred. Their

17   request to amend the TSS claim is therefore also denied.

18            ///

19            ///

20

21

22

23

24   ORDER DENYING MOTION TO AMEND

25    - 12

1

## IV.   CONCLUSION

2         For the foregoing reasons, Plaintiffs' Motion to Amend is DENIED, and this matter is

3   hereby DISMISSED with prejudice.

4         DATED this 25th day of August, 2022.

5

6

7                                          Barbara Jacobs Rothstein
                                           U.S. District Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   ORDER DENYING MOTION TO AMEND

25    - 13