The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY AND MATTHEW STREET,

Plaintiffs,

v.

AMAZON.COM SERVICES, LLC, a
Delaware Limited Liability Company, and
AMAZON DIGITAL SERVICES, LLC, a
Delaware Limited Liability Company,

Defendants.

NO. 2:21-cv-0912-BJR

**ORDER DENYING MOTION
FOR RECONSIDERATION AND
MOTION TO AMEND
JUDGMENT**

This matter comes before the Court on Plaintiffs' "Motion for Reconsideration and Motion to Amend Judgment." Dkt. No. 51. On March 21, 2022, the Court granted Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint.[1] *See* Order Granting Mot. to Dismiss ("Dismissal Order"), Dkt. No. 43. The dismissal was "grounded in the insufficiency of Plaintiffs' allegations" and, the "case being in its relatively early stages," was without prejudice. Dismissal Order at 11. The Court authorized Plaintiffs to file a motion to amend their First Amended Complaint to cure the deficiencies identified by the Court. *Id*.

---

[1] Plaintiffs filed a First Amended Complaint per stipulation of the parties, to delete certain allegations and correct technical errors in their original complaint.

ORDER DENYING MOTION FOR RECONSIDERATION

- 1

Plaintiffs subsequently filed a Motion for Leave to File Amended Complaint. Dkt. No. 44. The Proposed Second Amended Complaint ("PSAC"), filed with Plaintiffs' Motion for Leave to Amend, contained additional factual allegations. The Court concluded, however, that those allegations ultimately failed to cure the original deficiencies in the First Amended Complaint, and denied the motion. *See* Order Denying Motion to Amend ("Order"), Dkt. No. 49. Specifically, the Court concluded that the PSAC "failed to articulate a 'concrete and particularized' injury and thus . . . not only inadequately states any claim; it also fails to establish that these Plaintiffs have standing." Order at 9. The Court found that even if the PSAC contained allegations supporting standing, "Plaintiffs have not sufficiently pleaded a cognizable injury supporting any of their three claims," the same flaw identified in the Court's first Dismissal Order. *Id*. The Court consequently denied Plaintiffs' Motion to Amend their First Amended Complaint, dismissed the matter with prejudice, and entered a Judgment on August 25, 2022. Dkt. No. 50. The only revision that Plaintiffs seek by the instant motion is that the dismissal be without, rather than with, prejudice.

Under Local Rule 7(h), "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable." Local Rule CR 7(h)(1). Similarly, amendment of a judgment authorized under Federal Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir.1999) (en banc) (per curiam)). Amendment is appropriate, relevant here, only "to correct manifest errors of law or fact upon which the judgment rests" or "to prevent manifest injustice." *Id.*

ORDER DENYING MOTION FOR RECONSIDERATION

- 2

1    Plaintiffs' instant motion seeks reconsideration of the Court's Order and amendment of the

2    Judgment. In particular, Plaintiffs challenge dismissal of their claims *with prejudice*. Plaintiffs

3    argue that since the Court concluded that the PSAC "fail[ed] to establish [they] have standing,"

4    dismissal was based on a lack of subject-matter jurisdiction, and therefore must be *without*

5    prejudice. Mot. to Am. Jdgmt. at 3 (citing *Frigard v. U.S.*, 862 F.2d 201, 203 (9th Cir. 1988) (per

6    curiam)).

7    Plaintiffs' argument is without merit. In its first Order of Dismissal, the Court granted

8    Defendants' Motion to Dismiss based on Plaintiffs' failure to state a claim. *See* Dismissal Order

9    at 3-4 (citing Federal Rules 8(a) and 12(b)(6)). In the subsequent Order Denying Leave to Amend,

10   the Court concluded that the Proposed Second Amended Complaint also failed to state a claim,

11   and reaffirmed that Plaintiffs' First Amended Complaint would therefore be dismissed, this time

12   with prejudice. *See* Order at 9 ("Plaintiffs have not sufficiently pleaded a cognizable injury

13   supporting any of their three claims.").

14   To the extent that any clarification is necessary, the Court notes that statements regarding

15   standing in its Order Denying Leave to Amend were made in reference to the *Proposed* Second

16   Amended Complaint which, as Defendants point out, "was never filed or operative." Defs.' Opp.

17   at 5; *see, e.g.,* Order at 6 ("[T]he Court concludes that the Streets have failed to allege facts in the

18   PSAC that would give rise to an inference that they have been injured."). Whether or not the

19   unfiled Proposed Second Amended Complaint alleged facts sufficient to confer standing is, at

20   most, dicta with respect to the holding of the Dismissal Order: that the Plaintiffs' First Amended

21   Complaint—the operative complaint—failed to state a claim on which relief could be granted.

22   That dismissal stands, except—because Plaintiffs failed to cure the deficiencies despite a full and

23

24   ORDER DENYING MOTION FOR RECONSIDERATION

25   - 3

fair opportunity to do so—it is now with prejudice. Granting this dismissal with prejudice was within the Court's discretion under Federal Rule 15, which encourages the liberal allowance of amendment except in cases of "undue delay," and, particularly relevant here, "repeated failure to cure deficiencies by amendments previously allowed." *Eminence Cap., LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). This case was filed nearly a year and a half ago (the scheduled Discovery Cutoff is in less than three weeks), and Plaintiffs have been given two substantive chances to state their claims. Under these circumstances, Plaintiffs have failed to demonstrate either a "manifest error" or the "injustice" required for reconsideration and amendment of a judgment. The Motion for Reconsideration and Motion to Amend are therefore denied.

DATED this 29th day of November, 2022.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER DENYING MOTION FOR RECONSIDERATION

- 4